UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION<br><br>*Defendant.* | Case No. 6:24-cv-00390<br><br><br>COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF |

**COMPLAINT**

Plaintiff Defense of Freedom Institute for Policy Studies, Inc. ("DFI"), by its undersigned attorneys, brings this action against defendant the U.S. Department of Education (the "Department"), and alleges as follows:

1. On May 11 and May 12, 2022, DFI served two expedited requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on the Department. Notwithstanding the passage of over twenty-two months, the Department has not produced documents responsive to one request and, to the

1

other, produced only 40 pages, two of which were entirely redacted and 27 others were redacted in part.

2.  DFI's FOIA requests seek records relating to professional responsibility matters of a particular Department attorney. The attorney had previously been affiliated with a public interest organization that frequently litigated against the Department regarding student loan issues.

3.  DFI's FOIA requests are calculated to explore whether the Department failed to guard against conflicts of interest in the administration of a related financial program and the Department's legal advice concerning that program and related litigation. The Department's utter failure to provide a complete production of records responsive to DFI's FOIA requests underscores DFI's concerns that Department personnel may have violated professional responsibility requirements, and that the Department has failed to ensure compliance with such requirements.

4.  DFI now seeks relief from this Court under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, declaring the Department in violation of its legal obligations under FOIA, enjoining it from

continuing to withhold responsive records, and ordering the immediate production of all responsive agency records.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 and may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) because DFI resides in the District, including maintaining an office in Titusville, Florida.

7. Because the Department has failed to comply with the applicable time-limit provisions of FOIA, DFI is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to the requested relief from this Court.

## PARTIES

8. DFI is an independent, nonprofit organization that is tax exempt pursuant to I.R.S. § 501(c)(3) is organized and exists under the laws of the Commonwealth of Virginia. DFI's registered agent is located at 250 Browns Hill Court, Midlothian, VA 23114. DFI is comprised of former senior Department officials who founded DFI to defend and advance freedom and

opportunity for every American family, student, entrepreneur, and worker, and to protect civil and constitutional rights at school and in the workplace. To achieve this mission, DFI's efforts include submitting FOIA requests to federal agencies to obtain records relating to the consideration and implementation of policies imposed by the federal government and its officials on the American people and then posting records produced by the agencies online for public review.

9. The Department is a department of the executive branch of the federal government within the meaning of 5 U.S.C. § 552(f)(1), with its headquarters at 400 Maryland Avenue, S.W., Washington, DC 20202. The Department has possession, custody, and control of the records responsive to DFI's two FOIA requests.

## STATEMENT OF FACTS
### The Attorney General's FOIA Disclosure Directive

10. In a March 15, 2022 directive to executive departments and agencies (including the Department), Attorney General Merrick Garland emphasized that FOIA's "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'"

4

Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines, Memo Att'y Gen (2022), https://rb.gy/znu3f (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)) ("Garland Directive").

11. The Garland Directive emphasized the "Presumption of Openness" required of federal departments and agencies, including the Department, noting that responsive records may only be withheld "if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates; or (2) disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A)(i)." *Id.* at 1. Attorney General Garland warned agencies that requested "[i]nformation that might technically fall within an exemption should not be withheld from a FOIA requester unless the agency can identify a foreseeable harm or legal bar to disclosure" and that "[i]n case of doubt, openness should prevail." *Id.* Attorney General Garland instructed further that pursuant to 5 U.S.C. § 552(a)(8)(A)(ii), when "an agency determines that it cannot make full disclosure of a requested record, FOIA requires that it 'consider whether partial disclosure of information is possible'

5

and 'take reasonable steps necessary to segregate and release nonexempt information.'" *Id.*

## DFI's First FOIA Request

12. On May 11, 2022, DFI submitted to the Department a FOIA request regarding the professional responsibility matters described *supra* (the "First Request," attached hereto as **Exhibit A-1**[1]).

13. Despite the passage of 657 days and the Department's representations to DFI that production of records was underway, the Department has failed to produce records in response to DFI's First Request.

14. In its First Request, DFI sought the following records:

> Any and all ethics agreements (*e.g.*, ethics pledge(s) and recusal protocol) for [a Department attorney]
>
> Any and all ethics pledge waivers issued by ED for [a Department attorney] (including but not limited to authorizations pursuant to "Personal and business relationships," at 5 C.F.R. § 2635.502)

---

[1] Information that could personally identify the Department attorney has been redacted by DFI in Exhibit A-1 and other exhibits to this Complaint as appropriate.

> Identification of the specific factors cited by ED for any and all ethics pledge waivers issued by ED regarding [a Department attorney]
>
> Any and all records indicating recusal determinations issued by ED regarding [a Department attorney]

*See* Exhibit A-1 at 5.

15. The release of these records is in the public interest because disclosure of the requested records will inform the American people about whether the Department and its attorneys are complying with relevant professional responsibility requirements, including in regard to reporting and ethics pledge waiver matters.

16. DFI requested "expedited processing" of its FOIA request by the Department citing then-existing or then-pending student loan policies. *See* Exhibit A-1 at 5.

17. On May 12, 2022, the Department provided an electronic FOIA "Request Acknowledgement" notification to DFI, confirming receipt of the First Request and assigning it tracking number 22-02728-F. The Acknowledgement Letter indicated that the First Request had been "forwarded to the primary responsible office(s) for action." (The Department's FOIA Acknowledgment Letter is attached hereto as **Exhibit A-2**.)

18. On July 1, 2022, the Department electronically notified DFI that responsive records were provided and available at the Department's "DoEd FOIA Portal." DFI accessed the responsive records that day. The Provision of Redacted Records included almost entirely redacted records appearing to concern the Department attorney.

19. On September 29, 2022, DFI filed an appeal "of the Department's extremely limited provision of records related to" the Department attorney's professional responsibility matters with the Department's Appeals Office in the Office of the Executive Secretariat (DFI's Appeal of Department's Provision of Redacted Records is attached hereto as **Exhibit A-3**.) As noted in DFI's appeal, the Department's "provision of records is virtually meaningless as nearly all of the relevant information requested by DFI was redacted by the Department." *Id.* at 5.

20. On September 30, 2022, the Department electronically provided an "Appeal Acknowledgement Letter" to DFI which advised that an "administrative review of our response is underway." (The Department's Acknowledgment of DFI's Appeal is attached hereto as **Exhibit A-4**.)

21. On October 13, 2022, the Department issued a "Determination of Appeal," denying DFI's appeal (the Department's Determination of Appeal is attached hereto as **Exhibit A-5**.) The Department's denial acknowledges that of the 40 pages of responsive records it located, two pages were entirely redacted, and an additional 27 other pages were redacted in part. *Id.* at 1.

22. In its "Determination on Appeal," the Department finally responded to DFI's May 11, 2022, request for expedited processing. *Id.* at 5.

23. The Department has since failed to provide any additional responsive records, either in whole or in part (*i.e.*, rolling production), thereby constructively failing to provide the records requested by DFI.

24. The Department has failed to explain or otherwise justify its failure to provide responsive records to DFI.

25. Other than the forty pages of highly redacted documents, the Department has failed to provide records responsive to any of the other three categories in the First Request, either in whole or in part.

26. Since its July 1, 2022 interim production of the forty pages of highly redacted documents, the Department has failed to explain or otherwise justify its failure to complete its production.

9

27. As a result of the Department's failure to timely or otherwise provide more than forty highly redacted pages responsive to DFI in accord with its statutory obligations, DFI has now constructively exhausted its administrative remedies. DFI thus seeks immediate judicial review of the matter.

### DFI's Second FOIA Request

28. On May 12, 2022, DFI submitted a second FOIA request (the "Second Request," attached hereto as **Exhibit B-1**) to the Department.

29. Like the First Request, the Second Request was for particular records relating to the Department's relationship with the public interest organization described *supra*, including the Department's communications with the organization.

30. Despite the passage of 656 days and the Department's representation to DFI that production of responsive records was in process, the Department has failed to produce records in response to DFI's Second Request.

31. DFI's FOIA requested records and documents about a particular Department attorney and their connection to student loan forgiveness

programs, including negotiated rulemaking at the Department as more fully described in Exhibit B-1 at 4-6.

32. The release of these records is in the public interest because disclosure of the requested records will inform the American people about the influence of the public interest organization on the Department's policies since January 20, 2021, and since the Department attorney first became employed by the Department.

33. DFI requested "expedited processing" of its FOIA request by the Department, citing then-existing or then-pending student loan policies. *See* Exhibit B-1 at 3.

34. On May 13, 2022, the Department provided an electronic FOIA "Request Acknowledgement" notification to DFI, confirming receipt of the Second Request and assigning it tracking number 22-02740-F. The Acknowledgement Letter indicated that the Request had been "forwarded to the primary responsible office(s) for action." (The Department's FOIA Acknowledgment Letter is attached hereto as **Exhibit B-2**.)

35. On June 13, 2022, the Department electronically notified DFI in its "20-Day Status Notification" that "[d]ue to the unusual circumstances that

11

exist with your FOIA requests as defined by U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20-day statutory requirement. The scope of your FOIA requests requires the Department to conduct a vast search across multiple program offices, which we anticipate will result in a large amount of responsive records." (The Department's 20-Day Status Notification is attached hereto as **Exhibit B-3**.) The Department has never identified any of the "unusual circumstances" it cited as justification for its failure to meet the statutory deadline for producing responsive records.

36. On October 13, 2022, the Department electronically provided its denial of DFI's expedited processing request in a letter dated "*June 13, 2023*" (emphasis added) (The Department's Denial of Plaintiff's Request for Expedited Processing of its FOIA Request is attached as "**Exhibit B-4**").

37. During the period between DFI's May 2022 request for expedited processing and the Department's October 2022 denial of the request for expedited processing of the FOIA request (which was dated June 13, 2023), President Biden announced a student loan debt cancellation plan.

38. As a result of the Department's failure to timely or otherwise provide records responsive to DFI in accord with its statutory obligations, DFI

12

has now constructively exhausted its administrative remedies. DFI thus seeks immediate judicial review of the matter.

### The Department's Violation of the Garland Directive

39. The Department's failure to timely or otherwise produce non-exempt records responsive to DFI's First and Second Requests directly violates the Garland Directive regarding the FOIA obligations of departments and agencies within the executive branch of the federal government, including the Department.

40. Lastly, most, if not all, communications from DFI to the Department after June 2022 originated from Florida, as DFI's then-Senior Counsel with primary responsibility for DFI's FOIA efforts resided in Florida at that time (and continues to do so).

### FIRST CAUSE OF ACTION

**Violation of FOIA, 5 U.S.C. § 552**
**(Wrongful Withholding by the Department of Non-Exempt Records Responsive to First Request)**

41. DFI repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth below.

42. Through its First Request, DFI properly requested records within the possession, custody, and control of the Department.

13

43. The Department is a federal agency subject to FOIA's statutory provisions and is obligated to provide, in a timely manner, all non-exempt records responsive to DFI's First Request. In the event that the Department withholds any responsive records, it must provide a lawful reason for withholding those records in response to a FOIA request.

44. After the passage of 657 days, the Department has provided no such lawful reason for withholding all but forty pages of highly redacted responsive records and has demonstrably ignored DFI's First Request, the Department's statutory obligations under FOIA, and the Garland Directive.

45. By failing to provide non-exempt records responsive to DFI's First Request, the Department is wrongfully withholding agency records lawfully requested by DFI in violation of the Department's statutory FOIA obligations.

46. DFI is thus entitled to declaratory and injunctive relief requiring the Department to produce promptly any and all records responsive to DFI's First Request (besides the forty highly redacted pages already produced).

## SECOND CAUSE OF ACTION
### Violation of FOIA, 5 U.S.C. § 552
### (Wrongful Withholding by the Department of Non-Exempt Records Responsive to Second Request)

47.    DFI repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth below.

48.    Through its Second Request, DFI properly requested records within the possession, custody, and control of the Department.

49.    The Department is a federal agency subject to FOIA's statutory provisions and is obligated to provide, in a timely manner, all non-exempt records responsive to DFI's Second Request. In the event that the Department withholds records responsive to a FOIA request, it must provide a lawful reason for withholding records.

50.    After the passage of 656 days, the Department has provided no such lawful reason for withholding responsive records and has demonstrably ignored DFI's Second Request, the Department's statutory obligations under FOIA, and the Garland Directive.

51.    By failing to provide non-exempt records responsive to DFI's Second Request, the Department is wrongfully withholding agency records

lawfully requested by DFI in violation of the Department's statutory FOIA obligations.

52. DFI is thus entitled to declaratory and injunctive relief requiring the Department to produce promptly any and all records responsive to the Second Request.

**WHEREFORE**, DFI respectfully requests that this Court:

a. Assume jurisdiction in this matter and maintain jurisdiction until the Government complies with its statutory FOIA production obligations and any and all orders of this Court;

b. Declare the Government in violation of FOIA and order it to conduct immediately a records search or searches reasonably calculated to identify all records responsive to DFI's First and Second Requests;

c. Order the Government to produce, within twenty days of the Court's order or by other such date as the Court deems appropriate, any and all records responsive to DFI's First and Second Requests;

d. Enjoin the Government from continuing to withhold any and all non-exempt records responsive to DFI's First and Second Requests;

e. Award DFI its fees, costs, disbursements and expenses, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and

f. Grant DFI equitable and such other relief as this Court may deem just and proper.

Dated this 26th day of February, 2024, at Titusville, Florida.

> Respectfully submitted,
>
> **DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC.**
>
> /s/ Martha A. Astor
> _____
> Martha A. Astor
> FL Bar No.: 1039011
> 323 S. Washington Avenue
> Suite 9
> Titusville, FL  32796
> Telephone:  (321) 390-2707
> Email: martha.astor@dfipolicy.org
>
> Donald A. Daugherty, Jr.
> (*pro hac vice* to be sought)
> 1455 Pennsylvania Avenue, N.W.
> Suite 400
> Washington, DC  20004
> Telephone:  (414) 559-6902
> Email:  don.daugherty@dfipolicy.org
>
> *Counsel for the Defense of Freedom Institute for Policy Studies, Inc.*

17