# Exhibit A-1

May 11, 2022 FOIA Request

# DFI Defense of Freedom Institute

May 11, 2022

**VIA ELECTRONIC MAIL**

U.S. Department of Education
Office of the Executive Secretariat
FOIA Service Center
400 Maryland Ave. SW, LBJ 7W106A
Washington, D.C. 20202-4536
EDFOIAManager@ed.gov
ATTN:  FOIA Public Liaison

Re:     **EXPEDITED PROCESSING FOIA REQUEST:  Records Related to** ███████████
███████████**, Ethics Pledge Waivers, and Conflict of Interest
Communications**
(DFI FOIA No. 100-19-22)

Dear FOIA Public Liaison:

The Defense of Freedom Institute for Policy Studies, Inc. ("DFI") is a 501(c)(3) nonprofit, nonpartisan organization dedicated to defending and advancing freedom and opportunity for every American family, student, entrepreneur, and worker and to protecting civil and constitutional rights at schools and in the workplace.  For the benefit of the public, DFI's mission includes obtaining records related to the consideration and implementation of policies imposed by the federal government and its officials on the American people.

Since January 20, 2021, the U.S. Department of Education ("ED") has engaged in significant policy and enforcement efforts regarding federal student aid for students who attend for-profit schools,[1] including anticipated rulemaking related to ED's Borrower Defense to Repayment regulations.[2]  Pursuant to its new policies, ED has liberally applied its "Closed School Discharge[3]" and "Borrower Defense Loan Discharge[4]" programs to eliminate significant amounts of student loan debt incurred by students attending for-profit colleges.  For example, in February 2022, ED approved $415 Million in borrower defense claims, thereby discharging the repayment obligations

---

[1] 



of more than 16,000 borrowers.[5]  That discharge followed ED's August 2021 elimination of more than $1.1 Billion in student loan debt under the Closed School Discharge program.[6]

ED's unprecedented unilateral "elimination" of student loan debt under these programs appears to be part of a much wider effort by the Biden Administration to "forgive" student loan debt[7] and its repeated suspension of its obligation to collect student loan debt.[8]  As President Biden's press secretary recently noted, "'[n]ot a single person in this country has paid a dime on federal student loans since the president took office.'"[9]  Sen. Elizabeth Warren (D-MA) has called for ED to cancel as much as $50,000 in student loan debt for each borrower[10] even if "the bottom 60% of households receive only 34% of the benefit,"[11] as noted in a study published by the Brookings Institution.

On July 6, 2021, ED announced that it had hired





██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████ ██████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████ ██ ███████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████ ████ ███████████████████████
█████████████████████████████████ ██

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████████████████████ █

On January 20, 2021, President Biden issued Executive Order 13989, entitled "Ethics Commitments by Executive Branch Personnel"[19] ("EO"), which provided a two-year prohibition by political appointees on participation in matters in which a former employer or client represents a party, ████ █ █████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████

DFI is concerned that as ED determines important litigation positions, formulates Borrower Defense rulemaking, and pursues other wide-ranging student loan debt discharge policies (involving matters of direct litigatory interest to ████ and to ED), the involvement (and any

_____

██████████████████████████████████████████████████
███████████████████████████████████
█ ████████████████████████████████
█ ███████████████████████████
█ ██ █████████████████████████████████████████
██████████████████████████████
█ ███████████████████
█ ██████████████████████████████████
█ ████████████████████████████████



appropriate limitations on that involvement) of ED's political appointees, including ██████ should be fully disclosed to the Department and the public.

The public has an urgent interest in knowing that covered political appointees, ████████████
████████████████████████████████ ███ ████████████████████
████████████████████████ have properly recorded all relevant potential ethical conflicts.

████████████████████████████████████████████
████████████ This request has been narrowly drawn by DFI to more readily facilitate ED's ability to respond in a timely and meaningful manner to the request.

**Expedited Processing Request**

I, the undersigned, hereby certify to the truth of the circumstances described herein, pursuant to the requirements of 35 C.F.R. § 5.21(i)(2)(iii):

As discussed *supra*, issuance of ED's impactful Borrower Defense rulemaking is pending[22] and ED has already engaged in and apparently plans to be further engaged in unprecedented applications of its Closed School Discharge and Borrower Defense Loan Discharge programs, repeated suspension of its student loan debt collection responsibilities, and consideration of student loan debt forgiveness. These policies, potentially involving more than $1.75 trillion,[23] affect millions of students, borrowers, lenders, families, and taxpayers. Implementation of ED's student loan debt policies is of enormous consequence to all Americans.

Therefore, pursuant to 35 C.F.R. § 5.21(i)(2)(i)(B), there is an urgent need for DFI to inform the public about actual and alleged Federal Government activity, thereby justifying EXPEDITED PROCESSING of this request. As discussed *infra*, DFI is primarily engaged in disseminating such information to inform the public about actual and alleged Federal Government activities such as those policy and rulemaking activities by ED (described in detail herein). In addition, pursuant to 35 C.F.R. § 5.21(i)(2)(i)(C), ED may find that "other circumstances" demonstrate a compelling need for expedited processing, to ███████████████████████████████████████
████████████████████████

████████████████████████████████████████
████████████████████████████████████

———————————————

█ █████████████████████████████████████████
█ ████████████████████████████████████
█ █████████████████████████████████████
████████████████████████████████




I, the undersigned, hereby certify to ED that the circumstances described herein are true and accurate to the best of my knowledge and belief, so justifying expedited processing of this request for records, as required by 35 C.F.R. § 5.21(i)(2)(iii).

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. and the implementing regulations of ED, 34 C.F.R. Part 5 ("Availability of Information to the Public"), DFI makes the following request for expedited provision of records within your possession and/or control:

**Requested Records**

DFI requests that ED produce the following records as quickly as possible (or within twenty (20) business days as required by statute):

1.  Any and all ethics agreements (*e.g.*, ethics pledge(s) and recusal protocol) for ███ ███

2.  Any and all ethics pledge waivers issued by ED ███████ (including but not limited to authorizations pursuant to "Personal and business relationships," at 5 C.F.R. § 2635.502)

3.  Identification of the specific factors cited by ED for any and all ethics pledge waivers issued by ED ███████

4.  Any and all records indicating recusal determinations issued by ED regarding ███ ███

**Custodians**

The search for records described in Item 1 should be limited to the following:





1. 

**Definitions**

Absent contrary statutory directives, words and phrases contained herein should be accorded their usual, plain, and ordinary meaning.  Please note the following statutory definition:

**"Records"** are defined at 44 U.S.C. § 3301(a)(1-2) as including "all recorded information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them" and further "includes all traditional forms of records, regardless of physical form or characteristics, including information created, manipulated, communicated, or stored in digital or electronic form, such as emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or Twitter direct messages), voice mail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack.

**Identification and Production of the Requested Records**

FOIA imposes a burden on ED, as a covered agency under 5 U.S.C. § 551(1), to timely disclose requested agency records to the requestor[24] if ED (1) created or obtained the requested materials, and, (2) is "in control of the requested materials at the time the FOIA request [was] made."[25]  Upon request, ED must "promptly" make the requested records available to the requester.[26]  Notably, covered  agency  records  include  materials  provided  to  ED  by  both  private  and  governmental

---

[24] FOIA requires the disclosure of nonexempt agency records to any person, which includes an individual, partnership, corporation, association, or public or private organization other than an agency.  5 U.S.C. § 551(2).
[25] *Department of Justice (DOJ) v. Tax Analysts*, 492 U.S. 136 at 144-45 (1989).
[26] 5 U.S.C. § 552(a)(3)(A).



organizations.[27]  Upon receipt of a FOIA request that "reasonably" describes the records sought and is in compliance with ED's published rules regarding the time, place, any fees, and procedures to be followed,[28] ED must conduct a search calculated to find responsive records in ED's control at the time of the request.[29]  In addition, the records produced by ED are required to be provided in "any form or format requested . . . if the record is readily reproducible by the agency in that form or format."[30]

Upon receipt of this request, ED has twenty business days to "determine . . . whether to comply with [the] request" and "shall immediately notify" the requester of its determination and the reasons therefor," the right to seek assistance from the agency's FOIA public liaison, and the requester's right to appeal any "adverse determination" by ED.[31]

Consistent with FOIA guidelines, DFI requests the following regarding the provision of the requested records:

- ED should immediately act to protect and preserve all records potentially responsive to this request, notifying any and all responsible officials of this preservation request and verifying full compliance with the preservation request.  This matter may be subject to litigation, making the immediate initiation of a litigation hold on the requested materials necessary.

- ED should search all record systems that may contain responsive records, promptly consulting with its information technology (IT) officials to ensure the completeness of the records search by using the full range of ED's IT capabilities to conduct the search.  To constitute an adequate search for responsive records, ED should not rely solely on a search of a likely custodian's files by the custodian or representations by that likely custodian, but should conduct the search with applicable IT search tools enabling a full search of relevant agency records, including archived records, without reliance on a likely custodian's possible deletion or modification of responsive records.

- ED should search all relevant records and information retention systems (including archived recorded information systems) which may contain records regarding ED's business operations.  Responsive records include official business conducted on unofficial systems which may be stored outside of official recording systems and are subject to FOIA.  ED should directly inquire, as part of its search, if likely custodians have conducted any such official business on unofficial systems and should promptly and fully acquire and preserve those records as ED's official records. Such unofficial systems include, but are

---

[27] *Id.* at 144.
[28] 5 U.S.C. § 552(a)(3)(A)(i).
[29] *Wilbur v. C.I.A.*, 355 F.3d 675, 678 (D.C. Cir. 2004).
[30] 5 U.S.C. § 552(a)(3)(B).
[31] 5 U.S.C. § 552(a)(6)(A)(i).



not limited to, governmental business conducted by employees using personal emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or Twitter direct messages), voice mail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack. Failure to identify and produce records responsive to this request from such unofficial systems would constitute a knowing concealment by ED calculated to deflect its compliance with FOIA's requirements.

- ED should timely provide entire records responsive to this request, broadly construing what information may constitute a "record" and avoiding unnecessarily omitting portions of potentially responsive records as they may provide important context for the requested records (*e.g.,* if a particular email is clearly responsive to this request, the response to the request should include all other emails forming the email chain, to include any attachments accompanying the emails).

- ED should narrowly construe and precisely identify the statutory basis for any constraint which it believes may prevent disclosure.

- If ED determines that any portions of otherwise responsive records are statutorily exempt from disclosure, DFI requests that ED disclose reasonably segregable portions of the records.

- For any responsive records withheld in whole or part by ED, ED should provide a clear and precise enumeration of those records in index form presented with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA"[32] and provide a sufficiently detailed justification and rationale for each non-disclosure and the statutory exemption upon which the non-disclosure relies.

- <u>Please provide responsive records in electronic format by email, native format by mail, or PDF or TIH format on a USB drive</u>.  If it helps speed production and eases ED's administrative burden, DFI welcomes provision of the records on a rolling basis. Responsive records sent by mail should be addressed to the Defense of Freedom Institute for Policy Studies, 1455 Pennsylvania Avenue NW, Suite 400, Washington, D.C. 20004.

**Fee Waiver Request**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 34 C.F.R. § 5.33 and 34 C.F.R. § 5.32(b)(1)(ii), DFI requests a waiver of all fees associated with this FOIA request for agency records.

**Disclosure of the requested records is in the public interest.**

---

[32] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).



I further certify to ED that disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and because disclosure of the information contained within the requested records is not primarily in the commercial interests of DFI.

The disclosed materials are likely to contribute significant information to the public's understanding of the ethical involvement of particular ED personnel in the formulation of important ED litigation and policy matters regarding its student loan debt policies that are highly relevant to the interests of students, families, and taxpayers.  Disclosure of the requested materials will illuminate ED's policies and planning (*e.g.*, rulemaking and enforcement decisions).  Further, the requested information does not otherwise appear to be in the public domain (in duplicative or substantially identical form).

Provision of the requested records will not commercially benefit DFI (a nonprofit, nonpartisan organization interested in the transparency of ED operations and governance), but will benefit the general public and other groups and entities with non-commercial interests in ED's operations and governance.

DFI will review and analyze the requested records and make the records and analyses available to the general public and other interested groups through publication on DFI's website and social media platforms such as Facebook and Twitter (distribution functions it has already demonstrated a capacity to provide since its formation in September 2021, including a detailed news story on ED policies widely distributed by one of the nation's largest news providers in February 2022 and more recently, a March 2022 analysis of DOJ policies distributed by a leading news magazine. DFI personnel also frequently offer commentary and analyses on radio and television news programs and in various public forums).

As an organization primarily engaged in the dissemination of information to inform the public about actual or alleged Federal Government activities and the urgent (i.e., timely) need to so inform the public, **DFI satisfies the criteria for expedited processing of its request.**

Federal law makes clear that when the disclosure is in the public interest and the information contained within the disclosed records is not primarily in the commercial interests of the requester (here, DFI), statutory fee waiver is appropriate.

**DFI is a representative of the news media.**

I further certify to ED that, in addition to the fee waiver request based upon the public interest, DFI also requests a fee waiver on the basis that DFI is a **representative of the news media**, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 34 C.F.R. § 5.32(b)(1)(ii).



FOIA (as amended) provides that a representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that to an audience."[33] DFI provides exactly this service to the general public and other audiences with an interest in those materials and analyses. Upon receipt of the requested materials from ED, DFI will review and analyze those materials and will extract and otherwise distill particularly useful information from those materials for the benefit of the general public and other interested audiences.

DFI will provide its analyses to the general public and other interested audiences through publication on DFI's website and social media platforms such as Facebook and Twitter (distribution functions it has already demonstrated a capacity to provide since its formation in September 2021, including a detailed news story on ED policies widely distributed by one of the nation's largest news providers in February 2022 and more recently, a March 2022 analysis of DOJ policies distributed by a leading news magazine. DFI personnel have also offered commentary and analyses on radio news programs and in various public forums).

As a qualified non-commercial public education and news media requester with demonstrated ability to review and analyze publicly-available information and to provide insight regarding that information, DFI is thus entitled to a fee waiver under FOIA as a representative of the news media.

**Conclusion**

The subject of this request regards identifiable operations and activities of ED and, more specifically, the ethical involvement of particular ED personnel in the formulation of important ED ███████████████████████████████████Provision of the requested records will meaningfully inform the general public about significant developments in wide-ranging ED policies and rulemaking, which affect millions of American students, their families, and taxpayers. These are significant policy issues with tremendous impact on the general public and worthy of transparency in service of the public's right to know.

DFI is an independent 501(c)(3) nonprofit organization without a commercial purpose primarily engaged in the dissemination of information about government policies to the public. DFI is engaged in the collection, analysis, and dissemination of information to educate the public about government policies that impact the civil and constitutional rights of American families, students, entrepreneurs, and workers. DFI actively publishes information and related analyses on its public website and promotes access to that information and analyses on social media platforms, including but not limited to distribution via Facebook and Twitter.

DFI appreciates ED's prompt attention to this request for records pursuant to FOIA, which will provide important information to the American people regarding the formation and execution of

---

[33] *See Cause of Action v. FTC,* 799 F.3d 1108, at 1115-16 (D.C. Cir. 2015).



ED's policies and related rulemaking, which are of tremendous interest to students, families, and taxpayers.

Please contact me immediately if DFI's request for a fee waiver is not granted in full or if DFI's request for expedited processing is not granted.

If you have any questions or I can further clarify DFI's request, please contact me at your earliest convenience at paul.moore@dfipolicy.org.

Sincerely yours,

/s/ *Paul R. Moore*
Paul R. Moore, Senior Counsel
Defense of Freedom Institute for Policy Studies, Inc.

# Exhibit A-2

Department's May 12, 2022
FOIA Acknowledgment Letter

 **Gmail**

**Paul Moore <paul.moore@dfipolicy.org>**

## Request Acknowledgement by Department of Education

**EDFOIAManager@ed.gov** <EDFOIAManager@ed.gov>    Thu, May 12, 2022 at 6:00 AM
To: paul.moore@dfipolicy.org

Dear Paul Moore,


Your request has been received by the Department of Education and forwarded to the primary responsible office(s) for action.  The request has been assigned tracking #22-02728-F, please log into your account and review your submission.


The application address is https://foiaxpress.pal.ed.gov/.


Please refer to the tracking number to check the status of your FOIA request at the link provided below:


https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx


For any future correspondence, status updates or questions regarding your request, please contact the FOIA Public Liaison via email to EDFOIAManager@ed.gov



Thank you,

Department of Education

# Exhibit A-3
September 29, 2022
DFI's Appeal of
Department's Provision
of Redacted Records



September 29, 2022

**VIA ELECTONRIC MAIL**
**EDFOIAappeals@ed.gov**

Appeals Office
Office of the Executive Secretariat
U.S. Department of Education
400 Maryland Ave. SW, LBJ 7W106A
Washington, D.C. 20202-4536

**Re:    Freedom of Information Act Production of Redacted Records Appeal**
       FOIA Request No. 22-02728-F
       (DFI FOIA No. 100-19-22)

Dear FOIA Appeals Officer:

This is an appeal under the Freedom of Information Act ("FOIA") pursuant to 5 U.S.C. § 552(a)(8)(A), 5 U.S.C. § 552(b)(5), 5 U.S.C. § 552(b)(6), 5 C.F.R. § 2635.501, and 5 C.F.R. § 2635.502.

The Defense of Freedom Institute for Policy Studies ("DFI") is a national nonprofit organization dedicated to defending and advancing freedom and opportunity for every American family, student, entrepreneur, and worker and to protecting the civil and constitutional rights of Americans at school and at work. DFI envisions a republic where freedom, opportunity, creativity, and innovation flourish in our schools and workplaces. Our organization is composed of former U.S. Department of Education and other federal agency officials who are experts in education law and policy.

███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████

**DFI's expedited FOIA request related to the Department's student loan debt cancellation and related litigation policies**

On May 11, 2022, DFI submitted a FOIA request for expedited processing of particular records from the U.S. Department of Education ("ED or the "Department").[1] DFI's request for expedited processing occurred because the Biden administration had repeatedly indicated that a decision to engage in an unprecedented unilateral elimination of student loan debt was imminent. Without

---

[1] *See* Exhibit 1 (FOIA Request No. 22-02728-F).



explanation, the Department promptly denied DFI's request for expedited processing of the requested records.

DFI's request for expedited processing was made in an effort to timely inform the public concerning an urgent, pending, and actual Federal Government activity with vast policy and economic ramifications – here, the Department's student loan debt cancellation policies and the Department's changing positions in student loan debt litigation matters.

The reason underlying DFI's request for expedited processing of the requested records soon became obvious with the Department's announcement of its controversial, unprecedented student loan debt cancellation policies.[2]

On August 24, 2022, the Department announced what it termed "targeted student loan debt cancellation."[3] As noted by THE WALL STREET JOURNAL, the administration's student loan debt cancellation had been "long-sought by advocates" and cancels" $10,000 in federal student loan debt for borrowers making under $125,000 per year . . . and "total forgiveness of $20,000" for Pell Grant recipients.[4]

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████  █████████████████████████████████

---

[2] DFI, as a representative of the news media and regularly recognized as such a representative by the Department, routinely gathers such information of potential interest to the public, uses its editorial skills to turn those materials into a distinct work, and distributes that to an audience, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 34 C.F.R. § 5.32(b)(1)(ii).

█  ███  ███████████████████████████████████████
█████████████████████████████████████
█  ████████████████
█  ████████████████████████████████████████████
████████████████████████████████████████████████
█  ████  ██████████████████████████████████
███  █████



████████████████████████████████████████████
████████████████████████████████████████████
████████

Less than a month later, in a nationally-broadcast interview, President Biden unambiguously declared that the "pandemic is over," effectively removing the Department's astonishingly ill-fitting justification for issuance of its student loan debt cancellation policies.[8] Despite the President's unambiguously clear removal of the Department's dubious legal authority to cancel student loan debt under the HEROES Act, OGC has not issued a supplemental Memorandum or a new Memorandum asserting an alternative legal justification for its sweeping student loan debt cancellation scheme. To DFI's knowledge, the Department continues to proceed at full speed with its debt cancellation scheme, as if the President had never declared the COVID-19 pandemic to be over.

Interestingly, President Biden and the Department set an October 31, 2022, deadline to apply for a significant part of the massive student loan debt cancellation – mere days before the mid-term election.[9]

████████████████████████████████████████████
████████████████████████████████████████████

In DFI's May 11, 2022, FOIA request,[10] it provided a detailed explanation for its request for records including a thorough description of ████████████████████████████████████████

██████████████████████ Several of those legal matters remain ongoing. ███████████
███████████████████████████████████████████ issued by the Department regarding conflicts of interest.

████████████████████████████████████████████
█████████████████████████ █ ██████████████████

---

[6] 20 U.S.C. § 1098bb(a)(1).

[7] *Id.*

[8] Dan Diamond, "Biden's Claim that 'pandemic is over' complicates efforts to secure funding," THE WASHINGTON POST (Sept. 19, 2022), https://www.washingtonpost.com/health/2022/09/18/biden-covid-pandemic-over/.

[9] ████████████████████████████████████████

[10] *See* Exhibit 1 (FOIA Request No. 22-02728-F).

[11] ████████████████████████████████████████
████████████████████







Specifically, DFI requested:

1. Any and all ethics agreements (e.g., ethics pledge(s) and recusal protocol) for ███ ███

2. Any and all ethics pledge waivers issued by ED for ███████ (including but not limited to authorizations pursuant to "Personal and business relationships," at 5 C.F.R. § 2635.502).

3. Identification of the specific factors cited by ED for any and all ethics pledge waivers issued by ED regarding ██████

4. Any and all records indicating recusal determinations issued by ED regarding ███ ███

DFI did not request any "personnel and medical and similar files."[19]

DFI did not request any records that could be withheld under civil discovery such as those records subject to the deliberative process, attorney-client, or attorney-work product privileges.[20]

**Records provided by the Department**

On July 1, 2022, DFI received almost entirely redacted records in response to DFI's FOIA request in an attachment to a letter signed by DeShawn Middleton, Government Information Specialist, Office of the Executive Secretariat.[21]

In its response to DFI's request for records, the Department provided 40 pages of documents.[22] Unfortunately, that provision of records is virtually meaningless as nearly all of the relevant information requested by DFI was redacted by the Department, which offered in place of its redactions the following meager explanations: "(b)(5); (b)(6)."

Through its essentially hollow response (achieved through unwarranted redactions) the Department deprived the American people of important knowledge relating to then-pending, unprecedented student loan debt cancellation policies.

The extremely limited information provided by the Department's provision of records included only the following:

---

[19] 5 U.S.C. § 552(b)(6).
[20] 5 U.S.C. § 552(b)(5).
[21] *See* Exhibit 2 (Response to FOIA Request No. 22-02728-F).
[22] *See* Exhibit 3 (22-02728-F (Ethics) Clean).





- and answers being fully redacted throughout the provided documents.



To summarize, the heavily-redacted records provided by the Department were devoid of substance or other information relevant to DFI's FOIA request. Essentially, the Department's response was unresponsive.

**Relevant Statutory Provisions**

The following Freedom of Information Act and Code of Federal Regulations provisions apply to this appeal:

<u>Public information; agency rules, opinions, orders, records, and proceedings</u> (when withholding is permissible)

**5 U.S.C. § 552(a)(8)(A)** provides that an agency shall withhold from disclosure information that "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subjection (b) or where disclosure is prohibited by law and that the agency shall "consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible" and that the agency should "take reasonable steps necessary to segregate and release nonexempt information."

<u>Public information; agency rules, opinions, orders, records, and proceedings</u> (inapplicable to certain inter-agency or intra-agency records)

**5 U.S.C. § 552(b)(5)** provides an exemption from disclosure for "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."

<u>Public information; agency rules, opinions, orders, records, and proceedings</u> (withholding is permissible when personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy)

**5 U.S.C. § 552(b)(6)** provides an exemption from disclosure for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

<u>Overview of Standards of Ethical Conduct for Employees of the Executive Branch</u> (Impartiality in Performing Official Duties)

**5 C.F.R. § 2635.501** provides that "employee[s] take[] appropriate steps to avoid an appearance of loss of impartiality in the performance of his official duties" and that "unless he receives prior authorization, an employee should not participate in a particular matter involving specific parties which he knows is likely to affect the financial interests of a member of his household, or in which he knows a person with whom he has a covered relationship or represents a party, if he determines that a reasonable person with knowledge of the relevant facts would question his impartiality in the matter."



**5 C.F.R. § 2635.501(b)** provides that for "an employee who has received an extraordinary severance or other payment from a former employer prior to entering Government service is subject, in the absence of a waiver, to a two-year period of disqualification from participation in particular matters in which that former employer is or represents a party."

Standards of Ethical Conduct for Employees of the Executive Branch (Impartiality in Performing Official Duties); Personal and business relationships

**34 C.F.R. § 2635.502** provides that where "an employee knows that a particular matter involving specific parties is likely to have a direct and predictable effect on the financial interest of a member of his household, or knows that a person with whom he has a covered relationship is or represents a party to such matter, and where the employee determines that the circumstances would cause a reasonable person with knowledge of the relevant facts to question his impartiality in the matter, the employee should not participate in the matter unless he has informed the agency designee of the appearance problem and received authorization from the agency designee…"

**The Department's unwarranted redactions to the records provided to DFI**

The Department's redactions based on exemption "(b)(6)"[23] appear to be unwarranted. DFI has not requested records that would disclose ▮▮▮▮▮ personnel and medical files or similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy. Rather, DFI has requested records required of every federal employee who may have conflicts of interest in significant matters pending within the federal agency in which they serve. ▮▮▮▮▮ is not excepted from these disclosure requirements and the Department's improper use of the (b)(6) exemption is a misuse of that statutory exemption in this matter. Neither DFI nor the American people have an interest in the disclosure of information which may violated ▮▮▮▮▮ personal privacy interests.

In fact, this exemption typically pertains to ordinary understandings of private information, such as that contained in law enforcement records,[24] ▮▮▮▮▮ home address,[25] or social security records.[26] DFI's FOIA request sought no such records nor is it interested in ▮▮▮▮▮ personal financial information. DFI's FOIA request is for records indicating whether ▮▮▮▮▮ disclosed potential conflicts of interest to the Department and how the Department responded to those disclosures. The Department's deliberate avoidance of providing such responsive records is dumbfounding, particularly in light of the vast economic and political significance of its student loan debt cancellation policies.

The Department's redactions based on exemption "(b)(5)"[27] also appear to be unwarranted. DFI has not requested inter- or intra-agency memoranda or letters that are pre-deliberative, but has

---

[23] 5 U.S.C. § 552(b)(6).
[24] *See, e.g.*, *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989).
[25] *See, e.g.*, *DOD v. Fed. Labor Relations Auth.*, 510 U.S. 487 (1994).
[26] *See, e.g.*, *Coleman v. Lappin*, 680 F. Supp. 2d 192 (D.D.C. 2010).
[27] 5 U.S.C. § 552(b)(5).



requested records indicating ██████ disclosure of potential conflicts of interests to the Department and the Department's determinations regarding those disclosures (if they occurred). This exemption "clearly contemplates that the public is entitled to all such memoranda or letters that a private party could discover in litigation with the agency."[28] Here, the records of conflict-of-interest disclosures and the Department's determinations regarding grants or withholding of waivers regarding those conflicts would routinely and normally be disclosed in such litigation contexts and should be provided in response to DFI's request.[29] DFI seeks only decisional records, not pre-decisional or deliberative records and the Department is obligated to provide precisely those records in response to DFI's records request.[30]

Through its unexplained redactions, the Department appears to be in violation of certain statutory FOIA provisions requiring that an agency shall withhold from disclosure only that information that "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subjection (b) or where disclosure is prohibited by law and that the agency shall "*consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible*" and that the agency should "*take reasonable steps necessary to segregate and release nonexempt information."[31]*

There is no indication in the provided records that the Department has attempted to make partial disclosures where possible or that it has taken any reasonable steps to segregate and protect properly exempted information while correctly providing the remaining information. Of greater concern, the Department has failed to identify a protected interest and has, in place of a proper response, excessively redacted records which are not otherwise arguably subject to such fulsome statutory exemption. Instead, it simply redacted large swaths of information and inserted "(b)(5)" and "(b)(6)" as apparent explanations for the Department's redactions.

In essence, the Department has responded to a lawful FOIA request concerning serious ethical questions surrounding major policy questions (and the handling of those conflict-of-interest questions by the Department) with little more than arrogant disdain. The Department has in place lawful procedures to follow when an employee has a potential conflict of interest or the appearance of self-interest in the Department's outcome. Such questions posed by DFI are hardly new or beyond the pale and are not aimed at divulging ██████ "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."[32] Rather, as explained in DFI's FOIA request, it seeks merely to determine whether ██████ properly disclosed possible conflicts of interest and the Department's response to those disclosures.

---

[28] *DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).
[29] *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975).
[30] *See Pub. Citizen v. OMB*, 598 F.3d 865, 874 (D.C. Cir. 2009).
[31] 5 U.S.C. § 552(a)(8)(A) (emphases added).
[32] 5 U.S.C. § 552(b)(6).



Those disclosures are of immense economic and political consequence to the American people, who have a right to know whether ██████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████████ The records requested by DFI reflect the public's legitimate ongoing concerns regarding Departmental policies of massive economic and political consequence.

The Department's unjustified response to DFI's FOIA request is unworthy of the Department and its disclosure obligations to the American people and should promptly be corrected by the Department.

**Conclusion**

For the reasons discussed above, DFI respectfully requests that the Department reconsider and supplement its July 1, 2022, response to FOIA Request No. 22-02728-F. As made clear in DFI's FOIA request and, again, in this appeal, DFI does not seek records subject to the exemptions cited by the Department in its heavily-redacted response to DFI. DFI believes the Department erred in its broad assertions of the cited exemptions and also failed to make statutorily requisite efforts to carefully and precisely redact any information within records that might actually qualify under the cited exemptions.

Thank you for your prompt consideration of DFI's appeal in this important matter of vast economic and political significance.  If you have any questions, please contact me at your earliest convenience at paul.moore@dfipolicy.org.

Sincerely yours,

/s/ _Paul R. Moore_
Paul R. Moore
Senior Counsel
Defense of Freedom Institute for Policy Studies, Inc.

**Attachments**

Exhibit 1
Exhibit 2
Exhibit 3

# Exhibit A-4
Department's September 30, 2022
Appeal Acknowledgment Letter

**UNITED STATES DEPARTMENT OF EDUCATION**

OFFICE OF SECRETARY

*FOIA Service Center*

September 30, 2022

Mr. Paul R Moore
Senior Counsel
Defense of Freedom Institute for Policy Studies
1455 Pennsylvania Ave NW
Suite 400
Washington, DC  20004

RE:  Appeal – FOIA Request No. 22-02728-F/ Appeal – 22-00055-A

Dear Paul R Moore:

This is to acknowledge receipt of your September 29, 2022 letter appealing the
Department's  July 1, 2022 decision to deny  your request for records under the Freedom
of Information Act (FOIA), 5 U.S.C. § 552, which was received by this office on May 11,
2022.

An administrative review of our response is underway, and the Department's Chief FOIA
Officer will issue a determination on the appeal once it is completed.

Please refer to the appeal tracking number to check the status of your appeal at the link
provided below:

https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx

If you have a question or concern, please contact the FOIA Office at (202) 401-8365 or
EDFOIAManager@ed.gov.

Sincerely,

Art Caliguiran
Art Caliguiran
FOIA Appeals Coordinator
Office of the Secretary

# Exhibit A-5
Department's October 13, 2022
Determination of Appeal

**UNITED STATES DEPARTMENT OF EDUCATION**

OFFICE OF THE SECRETARY

October 13, 2022

Paul R. Moore
Senior Counsel
Defense of Freedom Institute for Policy Studies, Inc.
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC  20004

Re:  Appeal No. 22-00055-A – FOIA Request No. 22-02728-F

Dear Paul R. Moore:

I am writing in response to your letter dated September 29, 2022, appealing the U.S. Department of Education's (Department's) July 1, 2022, decision to deny in part the Defense of Freedom Institute for Policy Studies, Inc. (DFI) May 11, 2022, request for records submitted pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

Background

DFI's request sought the following:

1. Any and all ethics agreements (*e.g.*, ethics pledge(s) and recusal protocol) for ███████████

2. Any and all ethics pledge waivers issued by ED for ███████████ (including but not limited to authorizations pursuant to "Personal and business relationships," at 5 C.F.R. § 2635.502)

3. Identification of the specific factors cited by ED for any and all ethics pledge waivers issued by ED regarding ███████████

4. Any and all records indicating recusal determinations issued by ED regarding ███████████

Your request was forwarded to the Department's Office of the General Counsel (OGC) to search for records responsive to your request. By letter dated July 1, 2022, the Department granted DFI's request in part and denied its request in part. Specifically, the Department located forty pages of responsive records, which were provided to you on July 1, 2022, with two pages redacted in their entirety and 27 pages redacted in part, pursuant to 5 U.S.C. §§ (b)(5) and (b)(6) (FOIA Exemptions 5 and 6). There are no documents responsive to items 2 and 3 of your FOIA request as listed above. Your appeal ensued.

Determination on Appeal

Paul Moore
Appeal No. 22-00055-A – FOIA Request No. 22-02728-F
Page 2

Based on a careful review of the correspondence, the information at issue in your appeal, and applicable legal precedent, I have decided to deny your appeal. The reasons for my determination are discussed below.

<u>Discussion</u>

*Exemption 5*

Your appeal challenges the use of Exemption 5 on the basis that "[t]he Department's redactions based on exemption '(b)(5)' also appear to be unwarranted. DFI has not requested inter- or intra-agency memoranda or letters that are pre-deliberative, but has requested records indicating ███████ disclosure of potential conflicts of interests to the Department and the Department's determinations regarding those disclosures (if they occurred)." You further argue "this exemption 'clearly contemplates that the public is entitled to all such memoranda or letters that a private party could discover in litigation with the agency.' Here, the records of conflict-of-interest disclosures and the Department's determinations regarding grants or withholding of waivers regarding those conflicts would routinely and normally be disclosed in such litigation contexts and should be provided in response to DFI's request. DFI seeks only decisional records, not pre-decisional or deliberative records and the Department is obligated to provide precisely those records in response to DFI's records request." As an initial matter, as indicated above, there are no responsive documents to items 2 and 3, which specifically seek ethics pledge waivers.

As you may be aware, Exemption 5 encompasses the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege. To qualify for Exemption 5 protection, a government document "must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath*, 532 U.S. 1, 8 (2001) (Exemption 5 withholds from a member of the public documents which a private party could not discover in litigation with the agency). Courts have recognized that Exemption 5 protects, as a general rule, materials which would be protected under the attorney-client privilege, the attorney work-product privilege, and the deliberative process privilege. *See Coastal State Gas Corp. v. Department of Energy*, 617 F.2d 854, 862 (D.C. Cir. 1980).

Here, the information redacted under Exemption 5 contains communications to and from ████ ██████ seeking ethics advice and guidance from the Ethics Division concerning pursuit of an outside activity. Because of the back-and-forth nature of these communications—gathering facts and assessing the application of the ethics laws and regulations—the Department withheld much of this information under Exemption 5, as being protected by the deliberative process privilege. For the deliberative process privilege to be invoked, the communication must be both pre-decisional and deliberative. *See Mapother v. DOJ*, 3 F.3d 1533, 1537 (D.C. Cir. 1993).

The role of Department ethics officials is to provide advice and counseling to Department employees, which includes the application of the ethics laws and regulations to a specific set of factual circumstances. Employees ask for this advice and counseling in order to determine the

Paul Moore
Appeal No. 22-00055-A – FOIA Request No. 22-02728-F
Page 3

appropriate course of action as it relates to their official duties. The decision-making process for the employee is deliberative with the final result being the employee's course of action in relation to the ethics advice provided. Because the presentation of information to the employee may appear final due to how it is presented, it is not conclusive evidence that the Department is making a final decision. The legal advice is provided in response to the question raised by the employee, and relevant to a specific course of action the employee is contemplating but sought out ethics guidance to determine the application of the law to that course of action. Accordingly, to the extent the records reflect the Ethics Division's advice and recommendations to individual employees, including those selective facts that were relied upon in making the recommendations and which would reveal the nature of the advice and recommendations if revealed, the information is protected by the deliberative process privilege. I find that Exemption 5 was properly applied to these discussions.[1]

*Exemption 6*

You also contend that the Department's redactions based on Exemption 6 are "unwarranted" and "a misuse of that statutory exemption" because DFI did not request records "that would disclose ██████████ personnel and medical files or similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." DFI contends that it "has requested records required of every federal employee who may have conflicts of interest in significant matters pending within the federal agency in which they serve. ██████ is not excepted from these disclosure requirements[.]"

You contend that "DFI did not request any 'personnel and medical and similar files.'" However, the records you requested do in fact constitute "similar files" as defined by the Supreme Court *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595 (1982). In that case, the Court established a broad interpretation of the term "similar files" and held that all information that "applies to a particular individual" meets the threshold requirement for Exemption 6 protection. *Id.* at 601. As all records DFI requests explicitly pertain to ██████, the Exemption 6 threshold requirement has been met. Determining whether the records or information are exempt from disclosure under Exemption 6 requires a two-step analysis focusing on: (1) the identification of privacy interests implicated in the records requested; and (2) where such a privacy interest is identified, the balancing of that interest against the public interest, if any, to be served by disclosure. *See Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976).

The information redacted from the records provided to you does disclose personal information that would constitute a clearly unwarranted invasion of ██████ privacy. To the extent that the records contain personal contact information, signatures, or financial, business, or personal information, I find that ██████ and others have a measurable privacy interest. *See DOD v. FLRA*, 510 U.S. 487, 500 (1994) (finding that federal employees' home addresses are protected); *Consumers' Checkbook, Ctr. For the Study of Servs. v. U.S. Dep't of Health & Human Servs.*, 554 F.3d 1046, 1050 (D.C. Cir. 2009) ("[A]n individual has a substantial privacy interest under FOIA in his information, including income"); *Stern v. F.B.I.*, 737 F.2d 84, 91 (D.C. Cir. 1984)

---

[1] This addresses many of the concerns you outlined in the bullet points on page 6 of your appeal.

Paul Moore
Appeal No. 22-00055-A – FOIA Request No. 22-02728-F
Page 4

(recognizing that "an employee had at least a minimal privacy interest in his or her employment history and job performance evaluations").

For example, on page six of your appeal, you referenced how on page three of the release, 

In situations where some risk of disclosure of personal privacy exists if the record is fully disclosed, it is necessary to further examine whether a relevant public interest is involved in the disclosure to determine whether the public interest outweighs the privacy interest. The requestor bears the burden of establishing that disclosure would serve the public interest. For purposes of this analysis, the public interest to be considered in the analysis is limited to FOIA's core purpose of shedding light on the activities of a government agency in the performance of its statutory duties. *See Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773 (1989). You argue the "disclosures are of immense economic and political consequence to the American people, who have a right to know whether senior political appointees in the current administration 

Your argument is unpersuasive in that it presumes a failure to disclose a conflict of interest. There is no evidence to suggest that a such a disclosure was not made. The mere fact that Department released forty pages of responsive documents in response to your FOIA request in response to items 1 and 4 of your request is inconsistent with your presumption that there was a "failure to disclose" a conflict of interest. The information redacted from these materials is also not evidence of a "failure to disclose" a conflict of interest. Consequently, to the extent that the redacted information would reveal an employee's personal contact information or signatures, or financial, business, or personal information, I find that the public interest would not outweigh the individual's privacy in nondisclosure and am denying your appeal.

Moreover, you requested ████████ Public Financial Disclosure Report (OGE Form 278e). Public financial disclosure reports are not available through the Freedom of Information Act at 5 U.S.C. § 552. These reports are subject to the Ethics in Government Act of 1978, which requires the Department to make copies of public financial disclosure reports available to the public within 30 days of the date such report is received. 5 U.S.C. app. § 105(b)(1). Because you requested the OGE Form 278e through your FOIA request, Exemption 6 was invoked to protect ████████ privacy interests to the extent that the report contained personal contact information or financial, business, or personal information. However, pursuant to the Ethics in

Paul Moore
Appeal No. 22-00055-A – FOIA Request No. 22-02728-F
Page 5

Government Act of 1978, on October 4, 2022, you requested a "copy of the most recent Public
Financial Disclosure Report OGE Form 278e, including any OGE Form 278-Ts, for ██████
██████" On October 7, 2022, the Department provided you with documents responsive to your
request. Consequently, your appeal regarding ██████████ OGE Form 278e is moot, and
therefore, your FOIA appeal regarding that document is also denied.

In your September 29, 2022, letter you note that the Department did not respond to your request
for expedited processing, which we interpret as an appeal of the Department's constructive
denial of your request. Upon review, the Department has determined that you did not
demonstrate a compelling need for the information nor substantiate that there existed an urgency
to inform the public concerning any actual or alleged Federal Government activity.  Your appeal
regarding expedited processing is therefore denied.

<u>Notice of Other Rights</u>

You have the right to seek assistance and/or dispute resolution services from the Department's
FOIA Public Liaison or the Office of Government Information Services (OGIS). The FOIA
Public Liaison is responsible, among other duties, for assisting in the resolution of FOIA
disputes. OGIS, which is outside the Department of Education, offers mediation services to
resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to
appeals or litigation. Contact information follows:

| Mail | FOIA Public Liaison<br>Office of the Secretary<br>U.S. Department of Education<br>400 Maryland Ave., SW,<br>LBJ 7W104<br>Washington, DC 20202-4536 | Office of Government Information Services<br>National Archives and Records Administration<br>8601 Adelphi Road<br>Room 2510<br>College Park, MD  20740-6001 |
|---|---|---|
| E-mail | robert.wehausen@ed.gov | OGIS@nara.gov |
| Phone | 202-205-0733 | 301-837-1996; toll free at 1-877-684-6448 |
| Fax | 202-401-0920 | 301-837-0348 |

If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with
5 U.S.C. § 552(a)(4)(B).

Sincerely,

Deborah O. Moore, Ph.D.
Chief FOIA Officer

# Exhibit B-1
## DFI's May 12, 2022
## FOIA Request

**DFI** Defense of
Freedom Institute

May 12, 2022

**VIA ELECTRONIC MAIL**

U.S. Department of Education
Office of the Executive Secretariat
FOIA Service Center
400 Maryland Ave. SW, LBJ 7W106A
Washington, D.C. 20202-4536
EDFOIAManager@ed.gov
ATTN:  FOIA Public Liaison

Re:     **EXPEDITED PROCESSING** **FOIA REQUEST:     Records Related to the U.S. Department of Education's Communications with** ███████████████████████
████████████
    (DFI FOIA No. 100-20-22)

Dear FOIA Public Liaison:

The Defense of Freedom Institute for Policy Studies, Inc. ("DFI") is a 501(c)(3) nonprofit, nonpartisan organization dedicated to defending and advancing freedom and opportunity for every American family, student, entrepreneur, and worker and to protecting civil and constitutional rights at schools and in the workplace.  For the benefit of the public, DFI's mission includes obtaining records related to the consideration and implementation of policies imposed by the federal government and its officials on the American people.

Since January 20, 2021, the U.S. Department of Education ("ED") has engaged in significant policy and enforcement efforts regarding federal student aid for students who attend for-profit schools,[1] including anticipated rulemaking related to ED's Borrower Defense to Repayment regulations.[2]  Pursuant to its new policies, ED has liberally applied its "Closed School Discharge[3]" and "Borrower Defense Loan Discharge[4]" programs to eliminate significant amounts of student loan debt incurred by students attending for-profit colleges.  For example, in February 2022, ED approved $415 Million in borrower defense claims, thereby discharging the repayment obligations

---





of more than 16,000 borrowers.[5]  That discharge followed ED's August 2021 elimination of more than $1.1 Billion in student loan debt under the Closed School Discharge program.[6]

ED's unprecedented unilateral "elimination" of student loan debt under these programs appears to be part of a much wider effort by the Biden Administration to "forgive" student loan debt[7] and its repeated suspension of its obligation to collect student loan debt.[8]  As President Biden's press secretary recently noted, "'[n]ot a single person in this country has paid a dime on federal student loans since the president took office.'"[9]  Sen. Elizabeth Warren (D-MA) has called for ED to cancel as much as $50,000 in student loan debt for each borrower[10] even if "the bottom 60% of households receive only 34% of the benefit,"[11] as noted in a study published by the Brookings Institution.







█████ Subject to ethics obligations and related recusal requirements, President Biden is entitled to place the political appointees of his choosing at ED.  The public, however, has a right to know about the influence of outside organizations ███████████ on ED's policies, particularly as ED prepares to impose significant new rulemaking related to its Borrower Defense and other student loan debt policies.

DFI thus seeks ED's expedited processing of records related to ED's communications with ████ and ██████████ personnel since January 20, 2021.

**Expedited Processing Request**

I, the undersigned, hereby certify to the truth of the circumstances described herein, pursuant to the requirements of 35 C.F.R. § 5.21(i)(2)(iii):

As discussed *supra*, issuance of ED's impactful Borrower Defense rulemaking is pending[18] and ED has already engaged in and apparently plans to be further engaged in unprecedented applications of its Closed School Discharge and Borrower Defense Loan Discharge programs, repeated suspension of its student loan debt collection responsibilities, and consideration of student





loan debt forgiveness.  These policies, potentially involving more than $1.75 trillion,[19] affect millions of students, borrowers, lenders, families, and taxpayers.  Implementation of ED's student loan debt policies is of enormous consequence to all Americans.

Therefore, pursuant to 35 C.F.R. § 5.21(i)(2)(i)(B), there is an urgent need for DFI to inform the public about actual and alleged Federal Government activity, thereby justifying EXPEDITED PROCESSING of this request.  As discussed *infra*, DFI is primarily engaged in disseminating such information to inform the public about actual and alleged Federal Government activities such as those policy and rulemaking activities by ED (described in detail herein).  In addition, pursuant to 35 C.F.R. § 5.21(i)(2)(i)(C), ED may find that "other circumstances" demonstrate a compelling need for expedited processing, to include the considerable impact of ED's student loan debt enforcement policies (as described *supra*) ███████████████████████████████████████████ ███████████████████████████████████

I, the undersigned, hereby certify to ED that the circumstances described herein are true and accurate to the best of my knowledge and belief, so justifying expedited processing of this request for records, as required by 35 C.F.R. § 5.21(i)(2)(iii).

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*. and the implementing regulations of ED, 34 C.F.R. Part 5 ("Availability of Information to the Public"), DFI makes the following request for expedited provision of records within your possession and/or control:

**Requested Records**

DFI requests that ED produce the following records as quickly as possible (or within twenty (20) business days as required by statute):

1. All records, including but not limited to electronic mail ("email"), texts, letters, memoranda, and other documentation *to ED Officials* (see Custodians, *infra*) from the following entities and associated individuals from January 20, 2021, through the date the search is conducted, which reference ████████████████ or "student loan cancellation" or "forgiveness" or "BD" or "BDR" or "borrower defense rule" or "borrower defense" or "borrower defense process" or "borrower defense applications" or "unresolved borrower defense claims" or "sham borrower defense process" or ████████████████████████████████ or "seizure of borrower tax refunds" or "unlawful partial relief methodologies" or "gainful employment" or "GE" or "negotiated rulemaking" or "neg reg" "or "collecting" or "collections" or "default" or "extensions" or "student loan payment pause" or "cancellation" or "student borrowers" or "defrauded borrowers" or "partial relief" or "discharge" or "Pell Grants" or "for-profit" or "Consumer Financial Protection Bureau" or "CFPB" or "███████████████████

---

[19] ████████████████████████████████████████████████████████████ ████████████████████████████████████████████



or  or "deposition" or "sanctions" or "contempt":



2. All records, including but not limited to electronic mail ("email"), texts, letters, memoranda, and other documentation *from ED officials* (see Custodians, *infra*) to any and all of the entities and associated individuals listed in Item 1 from January 20, 2021, through the date the search is conducted, which reference ▮▮▮▮▮▮▮▮▮▮ or "student loan cancellation" or "forgiveness" or "BD" or "BDR" or "borrower defense rule" or "borrower defense" or "borrower defense process" or "borrower defense applications" or "unresolved borrower defense claims" or "sham borrower defense process" or ▮▮▮▮▮▮▮▮▮▮ or "seizure of borrower tax refunds" or "unlawful partial relief methodologies" or "gainful employment" or "GE" or "negotiated rulemaking" or "neg reg" "or "collecting" or "collections" or "default" or "extensions" or "student loan payment pause" or "cancellation" or "student borrowers" or "defrauded borrowers" or "partial relief" or "discharge" or "Pell Grants" or "for-profit" or "Consumer Financial Protection Bureau" or "CFPB" or "▮▮▮▮▮▮▮▮▮▮





or "deposition" or "sanctions" or "contempt":

**Custodians**

The search for records described in Item 1 should be limited to "ED officials" within the Office of the Secretary, Office of the Deputy Secretary, Office of the Under Secretary, Office of Legislation and Congressional Affairs, Office of Communications and Outreach, Office of Postsecondary Education, Office of Federal Student Aid, and Office of the General Counsel, who are classified as any of the following or referenced with the following job titles:

      a.  "PAS" (Presidential Appointments Requiring Senate Confirmation)
      b.  "PA" (Presidential Appointments Not Requiring Senate Confirmation)
      c.  "NC-SES" (Non-Career Senior Executive Service)
      d.  "SES" (Career Senior Executive Service)
      e.  "SC" (Schedule C Confidential or Policymaking Positions)
      f.  Chief Operating Officer, Federal Student Aid
      g.  Deputy Chief Operating Officer, Federal Student Aid
      h.  Chief Enforcement Officer, Federal Student Aid
      i.  Chief Financial Officer, Federal Student Aid
      j.  Executive Assistant to the Chief Operating Officer, Federal Student Aid
      k.  Chief of Staff, Federal Student Aid
      l.  Senior Advisor for Management, Federal Student Aid
      m.  Senior Advisor, Federal Student Aid
      n.  Ombudsman, Federal Student Aid
      o.  Congressional Team Lead, Federal Student Aid

**Definitions**

Absent contrary statutory directives, words and phrases contained herein should be accorded their usual, plain, and ordinary meaning.  Please note the following statutory definition:

**"Records"** are defined at 44 U.S.C. § 3301(a)(1-2) as including "all recorded information, regardless of form or characteristics, made or received by a Federal agency under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency or its legitimate successor as evidence of the organization, functions, policies, decisions, procedures, operations, or other activities of the United States Government or because of the informational value of data in them" and further "includes all traditional forms of records, regardless of physical form or characteristics, including information created, manipulated,



communicated, or stored in digital or electronic form, such as emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or Twitter direct messages), voice mail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack.

**Identification and Production of the Requested Records**

FOIA imposes a burden on ED, as a covered agency under 5 U.S.C. § 551(1), to timely disclose requested agency records to the requestor[20] if ED (1) created or obtained the requested materials, and, (2) is "in control of the requested materials at the time the FOIA request [was] made."[21]  Upon request, ED must "promptly" make the requested records available to the requester.[22]  Notably, covered agency records include materials provided to ED by both private and governmental organizations.[23]  Upon receipt of a FOIA request that "reasonably" describes the records sought and is in compliance with ED's published rules regarding the time, place, any fees, and procedures to be followed,[24] ED must conduct a search calculated to find responsive records in ED's control at the time of the request.[25]  In addition, the records produced by ED are required to be provided in "any form or format requested . . . if the record is readily reproducible by the agency in that form or format."[26]

Upon receipt of this request, ED has twenty business days to "determine . . . whether to comply with [the] request" and "shall immediately notify" the requester of its determination and the reasons therefor," the right to seek assistance from the agency's FOIA public liaison, and the requester's right to appeal any "adverse determination" by ED.[27]

Consistent with FOIA guidelines, DFI requests the following regarding the provision of the requested records:

- ED should immediately act to protect and preserve all records potentially responsive to this request, notifying any and all responsible officials of this preservation request and verifying full compliance with the preservation request.  This matter may be subject to litigation, making the immediate initiation of a litigation hold on the requested materials necessary.

---

[20] FOIA requires the disclosure of nonexempt agency records to any person, which includes an individual, partnership, corporation, association, or public or private organization other than an agency.  5 U.S.C. § 551(2).
[21] *Department of Justice (DOJ) v. Tax Analysts*, 492 U.S. 136 at 144-45 (1989).
[22] 5 U.S.C. § 552(a)(3)(A).
[23] *Id*. at 144.
[24] 5 U.S.C. § 552(a)(3)(A)(i).
[25] *Wilbur v. C.I.A.*, 355 F.3d 675, 678 (D.C. Cir. 2004).
[26] 5 U.S.C. § 552(a)(3)(B).
[27] 5 U.S.C. § 552(a)(6)(A)(i).



- ED should search all record systems that may contain responsive records, promptly consulting with its information technology (IT) officials to ensure the completeness of the records search by using the full range of ED's IT capabilities to conduct the search. To constitute an adequate search for responsive records, ED should not rely solely on a search of a likely custodian's files by the custodian or representations by that likely custodian, but should conduct the search with applicable IT search tools enabling a full search of relevant agency records, including archived records, without reliance on a likely custodian's possible deletion or modification of responsive records.

- ED should search all relevant records and information retention systems (including archived recorded information systems) which may contain records regarding ED's business operations. Responsive records include official business conducted on unofficial systems which may be stored outside of official recording systems and are subject to FOIA. ED should directly inquire, as part of its search, if likely custodians have conducted any such official business on unofficial systems and should promptly and fully acquire and preserve those records as ED's official records. Such unofficial systems include, but are not limited to, governmental business conducted by employees using personal emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or Twitter direct messages), voice mail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack. Failure to identify and produce records responsive to this request from such unofficial systems would constitute a knowing concealment by ED calculated to deflect its compliance with FOIA's requirements.

- ED should timely provide entire records responsive to this request, broadly construing what information may constitute a "record" and avoiding unnecessarily omitting portions of potentially responsive records as they may provide important context for the requested records (*e.g.,* if a particular email is clearly responsive to this request, the response to the request should include all other emails forming the email chain, to include any attachments accompanying the emails).

- ED should narrowly construe and precisely identify the statutory basis for any constraint which it believes may prevent disclosure.

- If ED determines that any portions of otherwise responsive records are statutorily exempt from disclosure, DFI requests that ED disclose reasonably segregable portions of the records.

- For any responsive records withheld in whole or part by ED, ED should provide a clear and precise enumeration of those records in index form presented with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under



FOIA"[28] and provide a sufficiently detailed justification and rationale for each non-disclosure and the statutory exemption upon which the non-disclosure relies.

- <u>Please provide responsive records in electronic format by email, native format by mail, or PDF or TIH format on a USB drive</u>.  If it helps speed production and eases ED's administrative burden, DFI welcomes provision of the records on a rolling basis. Responsive records sent by mail should be addressed to the Defense of Freedom Institute for Policy Studies, 1455 Pennsylvania Avenue NW, Suite 400, Washington, D.C. 20004.

**Fee Waiver Request**

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 34 C.F.R. § 5.33 and 34 C.F.R. § 5.32(b)(1)(ii), DFI requests a waiver of all fees associated with this FOIA request for agency records.

**Disclosure of the requested records is in the public interest.**

I further certify to ED that disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and because disclosure of the information contained within the requested records is not primarily in the commercial interests of DFI.

The disclosed materials are likely to contribute significant information to the public's understanding of the involvement and impact of ███████████████████████████  ███████████████████████████████████████████████ regarding its student loan debt policies that are highly relevant to the interests of students, families, and taxpayers. Disclosure of the requested materials will illuminate ED's policies and planning (*e.g.*, rulemaking and enforcement decisions).  Further, the requested information does not otherwise appear to be in the public domain (in duplicative or substantially identical form).

Provision of the requested records will not commercially benefit DFI (a nonprofit, nonpartisan organization interested in the transparency of ED operations and governance), but will benefit the general public and other groups and entities with non-commercial interests in ED's operations and governance.

DFI will review and analyze the requested records and make the records and analyses available to the general public and other interested groups through publication on DFI's website and social media platforms such as Facebook and Twitter (distribution functions it has already demonstrated a capacity to provide since its formation in September 2021, including a detailed news story on ED policies widely distributed by one of the nation's largest news providers in February 2022 and more recently, a March 2022 analysis of DOJ policies distributed by a leading news magazine.

---

[28] *Founding Church of Scientology v. Bell*, 603 F.2d 945, 949 (D.C. Cir. 1979).



DFI personnel also frequently offer commentary and analyses on radio and television news programs and in various public forums).

As an organization primarily engaged in the dissemination of information to inform the public about actual or alleged Federal Government activities and the urgent (i.e., timely) need to so inform the public, **DFI satisfies the criteria for expedited processing of its request.**

Federal law makes clear that when the disclosure is in the public interest and the information contained within the disclosed records is not primarily in the commercial interests of the requester (here, DFI), statutory fee waiver is appropriate.

**DFI is a representative of the news media.**

I further certify to ED that, in addition to the fee waiver request based upon the public interest, DFI also requests a fee waiver on the basis that DFI is a **representative of the news media**, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 34 C.F.R. § 5.32(b)(1)(ii).

FOIA (as amended) provides that a representative of the news media is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that to an audience."[29]  DFI provides exactly this service to the general public and other audiences with an interest in those materials and analyses.  Upon receipt of the requested materials from ED, DFI will review and analyze those materials and will extract and otherwise distill particularly useful information from those materials for the benefit of the general public and other interested audiences.

DFI will provide its analyses to the general public and other interested audiences through publication on DFI's website and social media platforms such as Facebook and Twitter (distribution functions it has already demonstrated a capacity to provide since its formation in September 2021, including a detailed news story on ED policies widely distributed by one of the nation's largest news providers in February 2022 and more recently, a March 2022 analysis of DOJ policies distributed by a leading news magazine.  DFI personnel have also offered commentary and analyses on radio news programs and in various public forums).

As a qualified non-commercial public education and news media requester with demonstrated ability to review and analyze publicly-available information and to provide insight regarding that information, DFI is thus entitled to a fee waiver under FOIA as a representative of the news media.

---

[29] *See Cause of Action v. FTC,* 799 F.3d 1108, at 1115-16 (D.C. Cir. 2015).



**Conclusion**

The subject of this request regards identifiable operations and activities of ED and, more specifically, the involvement and impact of outside organizations and associated individuals in the formulation of important ED litigation and policy matters regarding its student loan debt policies. Provision of the requested records will meaningfully inform the general public about significant developments in wide-ranging ED policies and rulemaking, which affect millions of American students, families, and taxpayers. These are significant policy issues with tremendous impact on the general public and worthy of transparency in service of the public's right to know.

DFI is an independent 501(c)(3) nonprofit organization without a commercial purpose primarily engaged in the dissemination of information about government policies to the public. DFI is engaged in the collection, analysis, and dissemination of information to educate the public about government policies that impact the civil and constitutional rights of American families, students, entrepreneurs, and workers. DFI actively publishes information and related analyses on its public website and promotes access to that information and analyses on social media platforms, including but not limited to distribution via Facebook and Twitter.

DFI appreciates ED's prompt attention to this request for records pursuant to FOIA, which will provide important information to the American people regarding the formation and execution of ED's policies and related rulemaking, which are of tremendous interest to students, families, and taxpayers.

Please contact me immediately if DFI's request for a fee waiver is not granted in full or if DFI's request for expedited processing is not granted.

If you have any questions or I can further clarify DFI's request, please contact me at your earliest convenience at paul.moore@dfipolicy.org.

Sincerely yours,

/s/ *Paul R. Moore*
Paul R. Moore, Senior Counsel
Defense of Freedom Institute for Policy Studies, Inc.

# Exhibit B-2

Department's May 13, 2022
FOIA Acknowledgment Letter

6/13/23, 2:02 PM
Case 1:24-cv-01041-BAH Document 11 Filed 02/26/24 Page 47 of 54
dfipolicy.org Mail - Request Acknowledgement by Department of Education



**Paul Moore <paul.moore@dfipolicy.org>**

## Request Acknowledgement by Department of Education

**EDFOIAManager@ed.gov** <EDFOIAManager@ed.gov>                 Fri, May 13, 2022 at 3:42 PM
To: paul.moore@dfipolicy.org

Dear Paul Moore,


Your request has been received by the Department of Education and forwarded to the primary responsible office(s) for action.  The request has been assigned tracking #22-02740-F, please log into your account and review your submission.


The application address is https://foiaxpress.pal.ed.gov/.


Please refer to the tracking number to check the status of your FOIA request at the link provided below:


https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx


For any future correspondence, status updates or questions regarding your request, please contact the FOIA Public Liaison via email to EDFOIAManager@ed.gov



Thank you,

Department of Education

# Exhibit B-3

Department's June 13, 2022
20-Day Status Notification

**UNITED STATES DEPARTMENT OF EDUCATION**

OFFICE OF THE SECRETARY

FOIA Service Center

June 13, 2022

Mr. Paul R Moore
Defense of Freedom Institute for Policy Studies
1455 Pennsylvania Ave NW
Suite 400
Washington, DC  20004

**RE: 20 –DAY NOTIFICATION 22-02740-F**

Dear Paul Moore:

This is the Department of Education's (the Department) initial determination letter to
your request dated, May 12, 2022, seeking information pursuant to the Freedom of
Information Act (FOIA), 5 U.S.C. § 552.  Your request was forwarded to the appropriate
office(s) within the Department for any responsive documents they may have.

Due to the unusual circumstances that exist with your FOIA requests as defined by
U.S.C. § 552(a)(6)(B)(i)(ii), the Department will not be able to respond by the 20 day
statutory requirement. The scope of your FOIA requests requires the Department to
conduct a vast search across multiple program offices, which we anticipate will result in a
large amount of responsive records.

You can check on the status of your FOIA request at the link provided below:
https://foiaxpress.pal.ed.gov/app/CheckStatus.aspx

You have the right to seek assistance and/or dispute resolution services from the
Department's FOIA Public Liaison or the Office of Government Information Services
(OGIS).  The FOIA Public Liaison is responsible, among other duties, for assisting in the
resolution of FOIA disputes.  OGIS, which is outside the Department of Education, offers
mediation services to resolve disputes between FOIA requesters and Federal agencies as
a non-exclusive alternative to litigation.

They can be contacted by:

| Mail | FOIA Public Liaison<br>Office of the Executive Secretariat<br>U.S. Department of Education<br>400 Maryland Ave., SW, LBJ 7C132<br>Washington, DC 20202-4500 | Office of Government Information Services<br>National Archives and Records Administration<br>8601 Adelphi Road<br>College Park, MD  20740-6001 |
| --- | --- | --- |
| E-mail | robert.wehausen@ed.gov | OGIS@nara.gov |
| Phone | 202-205-0733 | 202-741-5770; toll free at 1-877-684-6448 |
| Fax | 202-401-0920 | 202-741-5769 |

Page 2 - Paul R Moore
FOIA Request No. 22-02740-F

Sincerely


ED FOIA Manager
FOIA Service Center
U.S. Department of Education

# Exhibit B-4
Department's October 13, 2022
Denial of Expedited
Processing
Erroneously dated June 13, 2023

# UNITED STATES DEPARTMENT OF EDUCATION

## OFFICE OF THE SECRETARY

### FOIA Service Center

June 13, 2023

Paul R. Moore
Senior Counsel
Defense of Freedom Institute for Policy Studies
1455 Pennsylvania Ave NW
Suite 400
Washington, DC  20004

RE:  FOIA Request No. 22-02740-F

Dear Paul R. Moore:

This letter is in response to your request dated May 12, 2022, requesting information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Your request was received in this office on May 13, 2022.  Your request has been assigned to the appropriate office(s) within the Department to search for documents that may be responsive to your request.

You have asked for expedited processing of your request.  That request is denied.  The Department has concluded that you have not demonstrated a compelling need for the information.  In addition, you have not substantiated that there is an urgency to inform the public concerning any actual or alleged Federal Government activity.

Enclosed with this letter is a general informational sheet for Expedited Processing.  Should you still wish to claim that your request should be granted expedited processing, you must provide more specific and detailed evidence to support your claims under each statutory requirement described in our FOIA regulations available on the internet at: https://www2.ed.gov/policy/gen/leg/foia/foiatoc.html and outlined in the attachment to this letter.

You have the right to seek assistance and/or dispute resolution services from the Department's FOIA Public Liaison or the Office of Government Information Services (OGIS).  The FOIA Public Liaison is responsible, among other duties, for assisting in the resolution of FOIA disputes.  OGIS, which is outside the Department of Education, offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.

They can be contacted by:

| Mail | FOIA Public Liaison<br>Office of the Secretary<br>U.S. Department of Education<br>400 Maryland Ave., SW<br>LBJ 7W104<br>Washington, DC 20202-4500 | Office of Government Information Services<br>National Archives and Records Administration<br>8601 Adelphi Road, Room 2510<br>College Park, MD  20740-6001 |
|---|---|---|
| E-mail | robert.wehausen@ed.gov | OGIS@nara.gov |
| Phone | 202-205-0733 | 202-741-5770; toll free at 1-877-684-6448 |
| Fax | 202-401-0920 | 202-741-5769 |

Page 2 – Paul R. Moore
FOIA Request 22-02740-F

Lastly, you have the right to appeal this determination.  You must submit any appeal within 90 calendar days after the date of this letter.  Using the services described above does not affect your right, or the deadline, to pursue an appeal.  An appeal must be in writing and must include a detailed statement of all legal and factual bases for the appeal; it should be accompanied by a copy of this letter, the initial letter of request, and any documentation that serves as evidence or supports the argument you wish the Department to consider in resolving your appeal.

Appeals may be submitted using the on-line form available at www.ed.gov/policy/gen/leg/foia/foia-appeal-form.pdf.

Appeals can also be submitted by:
      E-mail:   EDFOIAappeals@ed.gov
      Fax:       202-401-0920
      Mail:      Appeals Office
                    Office of the Secretary
                    U.S. Department of Education
                    400 Maryland Avenue, SW, LBJ 7W104
                    Washington, DC  20202-4500

If you have any questions, please contact the FOIA Requester Service Center at (202) 401-8365 or via e-mail at EDFOIAManager@ed.gov (please include the case number).

                              Sincerely,

                              *DeShawn Middleton*

                              Government Information Specialist
                              Office of the Secretary

Enclosure

Page 2 – Paul R. Moore
FOIA Request 22-02740-F

Freedom of Information Act
EXPEDITED PROCESSING CRITERIA
(Department of Justice General Information)

## Compelling Need

Expedited processing is provided if the requester demonstrates a compelling need.
A requester can show compelling need in one of two ways: by establishing that his
or her failure to obtain the records quickly could reasonable be expected to pose an
imminent threat to the life or physical safety of an individual; or, if the requester is
a person primarily engaged in disseminating information, by demonstrating that an
urgency to inform the public concerning actual or alleged Federal Government
activity exists.

## Loss of Substantial Due Process Rights

As a general rule, a request also should be expedited if it is shown that substantial
due process rights of the requester would be impaired by the failure to process
immediately and that the information sought is not otherwise available. It is not
sufficient, however, for a requester merely to allege that requested records are
needed in connection with some judicial or administrative proceeding; rather, the
immediate use of the FOIA must be shown to be critical to the preservation of a
substantial right.

## Other Considerations

Beyond these two categories, it is unclear to what extent agencies have the
discretion to grant requests for expedition under any other circumstances.
Moreover, agencies should not forget the interests of all requesters in having their
requests treated equitably, as well as the public interest in the integrity of FOIA
processing. Because a decision to take a FOIA request out of turn necessarily
entails further delay for other requesters waiting patiently in line, simple fairness
demands that it be made only upon careful scrutiny of truly exceptional
circumstances.